NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0146n.06

No. 11-2061

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 12, 2013**
DEBORAH S. HUNT, Clerk

|                                          |     |                                    |
|------------------------------------------|-----|------------------------------------|
| KUMAL BURTON,                            | )   |                                    |
|                                          | )   |                                    |
| Plaintiff-Appellant,                     | )   |                                    |
|                                          | )   | ON APPEAL FROM THE UNITED          |
| v.                                       | )   | STATES DISTRICT COURT FOR          |
|                                          | )   | THE EASTERN DISTRICT OF            |
| KAKANI, Physician Assistant and ANIL     | )   | MICHIGAN                           |
| PRASAD, M.D.,                            | )   |                                    |
|                                          | )   |                                    |
| Defendants-Appellees.                    | )   |                                    |

Before:  MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.[*]


PER CURIAM.  Kumal Burton, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983.

Seeking monetary and injunctive relief, Burton sued Savithri Kakani, a physician's assistant, and Anil Prasad, a physician.  Both individuals are medical practitioners with the Michigan Department of Corrections.  Burton alleged that Kakani and Prasad violated his Eighth Amendment rights by providing him inadequate medical care.  He also alleged a supplemental state law claim of criminal recklessness.

Burton's claims arise from alleged medical deficiencies related to the treatment he received regarding his complaints of testicular pain.  Following discovery, Kakani and Prasad moved for summary judgment.  A magistrate judge recommended granting the motion, finding that the undisputed evidence showed that Burton received regular treatment for his medical condition and that Burton's

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

disagreement with the treatment he received did not constitute an Eighth Amendment violation. Over Burton's objections, the district court adopted the magistrate judge's report and granted summary judgment to Kakani and Prasad.

On appeal, Burton argues that genuine issues of material fact precluded the grant of summary judgment to Kakani and Prasad. The district court's judgment is reviewed de novo. *Williams v. Mehra,* 186 F.3d 685, 689 (6th Cir. 1999).

The Eighth Amendment prohibits any punishment that violates civilized standards of decency or "'involve[s] the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). An Eighth Amendment violation occurs if a prison official acted with deliberate indifference to a prisoner's serious medical needs. *Estelle*, 429 U.S. at 104; *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). When "evaluating a deliberate indifference claim, [w]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (alteration in original) (internal quotation marks and citation omitted). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106. When a prisoner grounds a constitutional violation on inadequate medical treatment, his claim is viable only if he shows that the treatment was "so woefully inadequate as to amount to no treatment at all." *Alspaugh*, 643 F.3d at 169 (internal quotation marks and citation omitted). But in cases "[w]here a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second guess medical judgments." *Id.* (internal quotation marks and citation omitted). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Burton has failed to establish a genuine issue of fact regarding his claim that Kakani and Prasad were deliberately indifferent to his serious medical needs. His dispute is actually with the legal

conclusions drawn from the facts. The record shows that Burton was seen regularly for his complaints of testicular pain and was provided with aspirin until he could purchase Tylenol from the prison commissary. In that regard, Kakani provided a declaration stating that she did not believe that any stronger medication was required to control Burton's pain. Burton points to no evidence in the record that Kakani or Prasad deliberately disregarded any need of his for stronger pain medication. Further, the record shows that Burton received numerous tests relating to his condition, including x-rays, ultrasounds, and urine cytology.

Burton has failed to show that the treatment he received was "woefully inadequate." *Alspaugh*, 643 F.3d at 169. Burton essentially asks this Court to second guess the medical decisions of Kakani and Prasad, a task we will not do. *See id*. Because the record shows that Burton received regular medical treatment for his testicular pain, the district court properly granted summary judgment in favor of Kakani and Prasad on Burton's Eighth Amendment claim.

In light of the dismissal of Burton's federal claim, the district court properly declined to exercise supplemental jurisdiction over his state law claim. *See* 28 U.S.C. § 1367(c).

The district court's judgment is affirmed.